```
               UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT CHARLESTON
```

AMERICAN MEDICAL FACILITIES
MANAGEMENT, LLC, d/b/a AMFM

      Plaintiff,

v.                                        Civil Action No. 2:21-cv-00400

AARON & GIANNA, PLC; DEWAYNE
L. WILLIAMS; VETCOMM, LLC;
TERRY READO; and DERON BROWN,

      Defendants.

## ORDER

Plaintiff American Medical Facilities Management, LLC, ("American Medical") has on October 17, 2023, filed a motion for "voluntary dismissal <u>without prejudice</u> of the remaining co-defendants in this Civil Action, Vetcomm, LLC, Terry Reado and Deron Brown," pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.  ECF No. 141 (emphasis in original); <u>see</u> Fed. R. Civ. P. 41(a)(2).

Under Rule 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  The decision to issue such an order "is a matter for the discretion of the district court." <u>Davis v. USX Corp.</u>, 819 F.2d 1270, 1273 (4th Cir. 1987).  This rule permits the court to freely "allow voluntary dismissals unless

the parties will be unfairly prejudiced." Id. Accordingly, "[a] plaintiff's motion to voluntarily dismiss a claim should not be denied absent plain legal prejudice to the defendant." Ellett Bros. v. United States Fid. & Guar. Co., 275 F.3d 384, 388 (4th Cir.2001). Factors that the court may consider in determining whether a defendant would be prejudiced include "(1) the plaintiff's diligence in moving for a voluntary dismissal, (2) the stage of the litigation, including the defendant's effort and expense in preparing for trial, and (3) the adequacy of the plaintiff's explanation for the need to dismiss." Fid. Bank PLC v. N. Fox Shipping N.V., 242 F. App'x 84, 89 (4th Cir. 2007).

Here, the court finds that defendants Vetcomm, Reado, and Brown would not be unduly prejudiced by an order dismissing this action. Throughout this litigation, plaintiff American Medical has proceeded diligently, abiding by court deadlines and filing motions to move the litigation along and toward a productive trial. Though the trial date is near, the defendants have not suffered significant expense, if any at all, in preparing for trial: Brown and Reado have filed pro se answers, see ECF Nos. 75 and 76, and have been deposed, but neither has undertaken discovery on his own behalf, appeared at either of the pretrial conferences held in this case, expressed any

interest in attending trial, or filed any motions or responses to any motions with the court in this case, which is scheduled for trial on October 24, 2023; and Vetcomm has not appeared in this action. Though plaintiff did not explain its need to dismiss in its motion, its desire to dismiss defendants Vetcomm, LLC, Brown, and Reado, coupled with the lack of undue prejudice to each, is sufficient reason for the court to grant this motion.

Accordingly, the court GRANTS plaintiff's motion, and it is ORDERED that this action against the remaining co-defendants Vetcomm, LLC, Terry Reado, and Deron Brown be, and hereby is, DISMISSED as to them without prejudice.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties. The Clerk is hereby directed to strike this case from the docket of the court.

ENTER: October 20, 2023

John T. Copenhaver, Jr.
Senior United States District Judge